IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IN RE: PETER SZANTO,

        Debtor,

_____

PETER SZANTO,

        Appellant,

    v.

CANDACE AMBORN, Chapter 7 Trustee,

        Appellee.

Case No. 3:21-cv-163-SI

Bankr. Case No. 3:16-bk-33185-pcm7

**ORDER**

**Michael H. Simon, District Judge.**

       In this bankruptcy appeal, Appellant Peter Szanto challenges the Order Granting Trustee's Motion for Contempt dated January 15, 2021 (Second Contempt Order), issued by the United States Bankruptcy Court for the District of Oregon (Bankruptcy Court). In the Second Contempt Order, the Bankruptcy Court ordered Appellant to sign forms relating to foreign bank accounts held at HSBC Singapore. On February 25, 2021, the Bankruptcy Court issued a Third Contempt Order, finding Appellant in contempt of the Bankruptcy Court's Second Contempt Order, and the Bankruptcy Court's First Contempt Order, which was issued on October 2, 2018. The First Contempt Order required Appellant to sign forms relating to HSBC Singapore and

PAGE 1 – ORDER

HSBC Australia. The Bankruptcy Court also issued an arrest warrant for Appellant, based on his continued civil contempt. The Third Contempt Order stated that Appellant would be incarcerated until he signed the forms as ordered in the First Contempt Order and the Second Contempt Order. The Third Contempt Order attached a copy of the forms to be signed, one of which referenced HSBC accounts in Singapore and Australia.

After the Bankruptcy Court issued the Third Contempt Order, Appellant signed the required forms. Appellant then filed an emergency motion for temporary restraining order (TRO), which is now before this Court. Appellant states that he signed the forms "upon intimidatory compulsion and fear of death" based on the arrest warrant that was issued with Third Contempt Order and, thus, that his signature "was neither rational nor free nor voluntary." Appellant moves this district court to enjoin Candace Amborn, the Chapter 7 Trustee (Trustee), from using the forms signed by Appellant to obtain any information or to transfer any funds from the HSBC Bank accounts.

The current motion relates to the February 25, 2021 Third Contempt Order, which is not the order that is the subject of this appeal. Appellant argues that he was coerced into signing the forms because of the arrest warrant, which is part of the Third Contempt Order. He seeks to enjoin in this motion the Trustee's future actions, based on the recently signed forms. Thus, this appeal is not the appropriate case in which to bring this motion. Appellate would need to appeal the Third Contempt Order and then move related to that appeal.

Additionally, even if the pending motion can be considered related to the Second Contempt Order, the motion is governed by Rule 8007 of the Federal Rules of Bankruptcy Procedure. Under that rule, a request for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" must ordinarily be directed to the bankruptcy court in

the first instance. Fed. R. Bankr. P. 8007(a)(1)(C). If the request is instead made directly to the

court where the appeal is pending, the moving party must show "that moving first in the

bankruptcy court would be impracticable," or "if a motion was made in the bankruptcy court"

must "state the court has not yet ruled on the motion, or state that the court has ruled and set out

any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2).

Appellant has not satisfied the requirements of Rule 8007. If the instant request had been

first made to the Bankruptcy Court, that court's ruling or failure to rule on the matter is neither

referenced nor explained. If the request was not first made to Bankruptcy Court, Appellant does

not provide a sufficient explanation for why doing so would have been impracticable. Liberally

construing his *pro se* filing, Appellant asserts that he faces "extremely difficult procedural

access" in Bankruptcy Court and that the Bankruptcy Court "readily grants all relief requested

against Peter Szanto." Considering these statements as explanations of impracticability,

Appellant's claims of bias by the Bankruptcy Court are insufficient to show that first moving for

relief in the Bankruptcy Court as required under Rule 8007 is impracticable. *See In re

Smith*, 2019 WL 2189490, at *2 (D. Colo. May 21, 2019), *appeal dismissed sub nom. In re

Hook*, 816 F. App'x 269 (10th Cir. 2020) (rejecting argument that the bankruptcy court's alleged

"appearance of extreme judicial hostility and bias against" the debtor demonstrated

impracticability).

In any event, Appellant fails to show that he meets the requirements for preliminary

injunctive relief. He fails to show that he is likely to succeed on the merits *of this appeal*. He

provides arguments regarding the funds in the HSBC Singapore account and whether they are

rightfully in the bankruptcy estate, but that is not the subject of this appeal. This appeal involves

the Second Contempt Order, which found that Appellant had not signed the forms as previously

ordered and that the second contempt motion was timely and not based on improper motives.[1]

For the reasons discussed in this Court's Order denying Appellant's motion for a stay pending appeal (ECF 13), Appellant fails to show that he is likely to succeed in proving that the Bankruptcy Court's civil contempt finding was an abuse of discretion and the Bankruptcy Court's underlying factual findings were clear error. *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003) ("We review the decision to impose contempt for an abuse of discretion, and underlying factual findings for clear error."). Because Appellant fails to prove this requirement for preliminary injunctive relief, the Court does not consider the remaining three factors. *See, e.g.*, *Diné Citizens Against Ruining our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) ("We therefore affirm on this ground [failure to show substantial likelihood of success on the merits] and do not address the parties' arguments regarding the other three prerequisites for preliminary relief.").

*Finally, and significantly, the Court notes that Appellant's concern is that the Trustee will waste or otherwise mishandle assets that do not belong within the bankruptcy estate. The Court previously suggested that Appellant consider requesting at the February 25th hearing before the Bankruptcy Court to have the funds in the HSBC Singapore account held in trust by the Clerk of the Bankruptcy Court or the Clerk of the U.S. District Court. This would appear to be a potentially reasonable solution that would address the concerns of both the Trustee and Appellant regarding dissipation of assets until it can be determined what, if any, portion of the HSBC Singapore account belongs within the bankruptcy estate. It does not appear, however, that*

---

[1] The Court bases its conclusion at this stage of the proceedings on the information in the record. Neither party has submitted the transcript of the hearing relating to the second contempt motion, even though in the Second Contempt Order the Bankruptcy Court incorporates its findings of fact and conclusions of law placed on the record at that hearing. The Court relies on the explanation provided by the Bankruptcy Court in its Order Denying Motion for Stay Pending Appeal and other documents in the record.

PAGE 4 – ORDER

*Appellant made such a request. Instead, Appellant wants to maintain sole access to all of the funds, despite the Bankruptcy Court already having determined that at least a portion of the funds belong in the bankruptcy estate. That is not a persuasive position by Appellant. Appellant now may want to make a motion in the Bankruptcy Court requesting the relief suggested by this Court.*

## CONCLUSION

Appellant's motion for temporary restraining order (ECF 14) is DENIED.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge