**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**IN RE: PETER SZANTO**,

Debtor,

---

**PETER SZANTO**,

Appellant,

v.

**CANDACE AMBORN**, Chapter 7 Trustee,

Appellee.

Case No. 3:21-cv-163-SI Lead
Case No. 3:21-cv-417-SI Consolidated

Bankr. Case No. 3:16-bk-33185-pcm7

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

In these consolidated bankruptcy appeals, Appellant Peter Szanto (Szanto) challenges two orders issued by the United States Bankruptcy Court for the District of Oregon (Bankruptcy Court), finding Szanto in contempt of court. For the reasons that follow, the decisions of the Bankruptcy Court are affirmed.

**STANDARD OF REVIEW**

The Court reviews "the decision to impose contempt for an abuse of discretion, and underlying factual findings for clear error." *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003). "A

court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (cleaned up); *see also In re Taylor*, 599 F.3d 880, 887-88 (9th Cir. 2010) ("If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion.").

**BACKGROUND**

On August 16, 2016, Szanto filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code, commencing this case. On December 5, 2017, the Bankruptcy Court converted this case, over Szanto's objection, to a proceeding under Chapter 7. In July 2018, the Chapter 7 Trustee (Trustee), who at that time was Stephen P. Arnot, filed in the Bankruptcy Court a motion for order to show cause why Szanto should not be held in contempt. ECF 53-1, at 144-49. The Trustee asserted that after conversion, Szanto had transferred bankruptcy assets to foreign bank accounts in Australia and Singapore. The Bankruptcy Court found Szanto in contempt and stated the Bankruptcy Court's findings and conclusions on the record during a hearing on August 24, 2018. *See* ECF 49-1 at 3. The Bankruptcy Court found that Szanto had transferred bankruptcy estate assets to foreign bank accounts.

On October 2, 2018, the Bankruptcy Court issued an order granting the Trustee's motion for contempt (First Contempt Order). ECF 49-1 at 9-14. The First Contempt Order, among other things, required Szanto to sign forms for the Singapore account authorizing the release of information for accounts in which Szanto has an interest and authorizing the "turnover" of funds

from accounts in Szanto's name solely or jointly with another. Szanto did not appeal the First Contempt Order.

On August 19, 2020, the Trustee, now Candace Amborn (who replaced Mr. Arnot), filed a second motion for contempt. ECF 53-1, at 212-20. The Trustee asserted that Szanto failed to sign the forms for the Singapore account as required in the First Contempt Order. The Bankruptcy Court held an evidentiary hearing on January 13, 2021. At the hearing, the Bankruptcy Court reiterated its findings from the August 24, 2018 hearing, including that Szanto had transferred funds to foreign accounts, including the HSBC Singapore account, in violation of the preconversion and conversion orders. ECF 53-1 at 350. The Bankruptcy Court recited that it previously had entered the First Contempt Order requiring Szanto to sign the release and turnover forms. The Bankruptcy Court noted that Szanto had stated that he did not sign the forms out of a concern that the accounts held non-bankruptcy funds, not that he had previously signed the forms. The Bankruptcy Court concluded that Szanto's testimony that he actually had signed the forms was not credible. ECF 53-1 at 350-51. The Bankruptcy Court found that Szanto had not signed the forms. The Bankruptcy Court held Szanto in contempt of the First Contempt Order.

On January 15, 2021, the Bankruptcy Court issued the Second Contempt Order. ECF 53-1 at 353-58. In the Second Contempt Order, the Bankruptcy Court ordered Szanto to sign copies of two forms directed to HSBC Bank in Singapore—the authorization form and the funds transfer form. The Bankruptcy Court also ordered that these signed forms be delivered from Szanto to the Trustee by January 20, 2021, using a trackable shipping method. The Bankruptcy Court further ordered that if Szanto failed to sign and deliver the forms by January 20, 2021,

> he shall be required to pay to the court, on a daily basis, a coercive sanction of $500 per day, commencing on January 21, 2021, until

> he signs and delivers the Forms or until further order of the court. Debtor must pay the coercive sanction through CM/ECF using the menu item entitled Pay Coercive Sanction, which will be placed on Debtor's Bankruptcy menu upon entry of this order.

*Id.* at 354. Szanto appeals the Second Contempt Order.

The Bankruptcy Court scheduled a video conference for February 25, 2021, to determine whether Szanto signed and delivered the forms as directed and to "consider further sanctions if he has not." *Id.* The Bankruptcy Court "expressly warned" Szanto that if he failed to comply with the Bankruptcy Court's Order, Szanto "will be subject to further contempt sanctions, likely including the issuance of a warrant for his arrest by the United States Marshals Service." *Id.* at 355.

On February 25, 2021, the Bankruptcy Court held the hearing to determine whether Szanto had complied with the Second Contempt Order and determined that Szanto had not. On the same day, the Bankruptcy Court issued an Order (Third Contempt Order). ECF 49-1 at 23-29. The Bankruptcy Court found Szanto in contempt and imposed the sanction of incarceration until Szanto signed the forms, ordering that an arrest warrant for Szanto "be issued forthwith." *Id.* The Bankruptcy Court contemporaneously issued an arrest warrant for Szanto. ECF 53-1 at 438. The Third Contempt Order also attached another copy of the forms for Szanto to sign, one of which referenced the HSBC account in Singapore. Szanto appeals the Third Contempt Order.

After the Bankruptcy Court issued the Third Contempt Order and arrest warrant, Szanto signed the required forms. Szanto then filed two motions before this Court for a temporary restraining order, arguing that he signed the forms upon "fear of death," and requesting that the

Court enjoin the Trustee from using the forms or obtaining any information or funds from HSBC Bank. The Court denied both motions.[1]

Szanto then moved this Court for a "writ of prohibition" against the Bankruptcy Court, which this Court denied. Szanto moved for reconsideration, which this Court also denied. Szanto then filed his opening appellate brief and the Trustee filed her response brief. Instead of filing a reply brief in support of his appeal, however, Szanto filed a "motion for writ of mandate," requesting a writ by this Court under the All Writs Act, 28 U.S.C. § 1651, directing the Trustee to release $2.5 million in funds to Szanto that he contends were non-bankruptcy assets obtained by the Trustee from the Singapore bank account.

## DISCUSSION

### A. Appeal

Szanto's opening brief does not present persuasive arguments challenging the Bankruptcy Court's decisions on the Second Contempt Order or the Third Contempt Order, the opinions that are the subject of these consolidated appeals. Instead, Szanto discusses the Bankruptcy Judge's alleged bias, which this Court previously has rejected as a basis for invalidating the Bankruptcy Court's decisions. *See, e.g.*, *Szanto v. Szanto*, 2022 WL 3572993, at *5-6 (D. Or. Aug. 19, 2022). Szanto provides no new evidence on this issue.

Szanto also discusses at length proceedings that occurred in Singapore during the time between the First Contempt Order and the Second Contempt Order. Those proceedings, however, are not the subject of this appeal.

---

[1] Before the February 25, 2022 hearing, Szanto filed a motion to stay the Bankruptcy Court proceedings and a motion for a restraining order to enjoin the proceedings, both of which this Court denied.

The only subject that is relevant to this appeal is whether the Bankruptcy Court abused its discretion in issuing the two contempt orders at issue. The First Contempt Order is not at issue. For the Second Contempt Order, the question is whether the Bankruptcy Court erred in finding Szanto in contempt of the First Contempt Order. The critical issue is whether Szanto signed the forms as required under the First Contempt Order.

The Bankruptcy Court's finding of fact that Szanto did *not* sign the forms is not clearly erroneous. Szanto's argument that he must have signed the form in 2018 or the Trustee would have moved for contempt sooner than 2020 is not persuasive. As the Bankruptcy Court explained in denying Szanto's motion to stay pending appeal, the Trustee's delay was not unreasonable given the efforts made by the Trustee to obtain the funds, first through an adversary proceeding against HSBC Singapore in Bankruptcy Court (which was stayed due to jurisdictional issues), then through litigation in a Singapore court, and finally through the second contempt motion. ECF 53-1 at 372.

Additionally, the Bankruptcy Court applied the correct legal standards in analyzing contempt and its application was not illogical or without support in the record. *See* ECF 53-1 at 351 (setting out the legal standards). Szanto also was provided with notice and the procedural safeguards as discussed in *Turner v. Rogers*, 564 U.S. 431 (2011). Thus, the Bankruptcy Court did not err in issuing the Second Contempt Order.

For the Third Contempt Order, the Bankruptcy Court also did not abuse its discretion. There is no dispute that Szanto did not comply with the Second Contempt Order (or the First Contempt Order in the time between the issuance of the Second and Third Contempt Orders). The Bankruptcy Court addressed Szanto's arguments at the February 25, 2021 hearing. The Bankruptcy Court found them without merit or unpersuasive. The Bankruptcy Court thus found

that Szanto remained in contempt and issued the Third Contempt Order. The Bankruptcy Court's factual findings were not clearly erroneous and it applied the correct legal standards in a proper manner.

**B. Writ of Mandate**

Szanto moved for a "writ of mandate" requesting that this Court require the Trustee to release $2.5 million to Szanto that purportedly was obtained by the Trustee from the HSBC Singapore account. This motion is denied for several reasons.

First, this motion is outside the scope of these consolidated appeals. These appeals relate only to whether the Bankruptcy Court abused its discretion in issuing the two contempt orders.

Second, Szanto fails to demonstrate that the Trustee has control of these purported funds. The Bankruptcy Judge ordered during the February 25, 2022 hearing that "in the event funds [are] returned to the United States under the trustee's control, [] they be deposited into the bankruptcy court registry rather than into the trustee's accounts." ECF 51-3 at 428. Thus, any such funds are not in the control of the Trustee, they are in the control of the Bankruptcy Court.

Third, whether the disputed purported $2.5 million belongs in the bankruptcy estate is being litigated in the Bankruptcy Court. Any motion regarding the release of those funds must be filed with the Bankruptcy Court.

Fourth, Szanto fails to show a writ is warranted. The Supreme Court has instructed that issuing a writ under the All Writs Act "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quotation marks omitted). To grant such relief, a court must find three conditions are satisfied: (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the

issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380-81 (cleaned up). Szanto does not satisfy any of the three conditions because he can request relief in the Bankruptcy Court and he fails to show that his right to $2.5 million of funds in the bankruptcy estate is clear and indisputable, and this Court is not satisfied that a writ is appropriate under the current circumstances.

**CONCLUSION**

The Court AFFIRMS the Contempt Orders of the Bankruptcy Court. The Court DENIES Appellant Peter Szanto's Motion for Writ, ECF 63.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge